FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2009 SEP -3 PM 1:18
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BUD JOHN CHAPMAN | * | NO: 09-6099 |
| | * | |
| VERSUS | * | SECTION: SECT. A MAG. 2 |
| | * | |
| ENSCO OFFSHORE COMPANY | * | MAGISTRATE: |
| | * | |

************************************************************************

**COMPLAINT FOR DAMAGES**

The Complaint of **BUD JOHN CHAPMAN,** a person of the full age of majority with respect represents:

**I.**

Defendant, **ENSCO OFFSHORE COMPANY**, (hereinafter "**ENSCO**") a foreign corporation doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, is indebted unto plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as more specifically set forth below.

**II.**

Jurisdiction of this Court is invoked under the Jones Act, General Maritime Law and Diversity.

Fee $350.
Process
X Dktd
CtRmDep
Doc. No.

III.

On or about September 27, 2008, **BUD JOHN CHAPMAN** was employed by **ENSCO** as a Jones Act Seaman aboard the M/V RIG 7500.

IV.

At all pertinent times hereto **ENSCO** owned, operated and/or controlled the M/V RIG 7500 which was at all pertinent times a vessel in navigation.

V.

On or about September 27, 2008, plaintiff **BUD JOHN CHAPMAN** experienced an accident which resulted in serious painful injuries to hands including burns and nerve damages while employed by **ENSCO**.

VI.

On information and belief, Plaintiff alleges that the sole and proximate cause of the above-described accident was the negligence of **ENSCO** in the following, non-exclusive respects:

a) Breach of a legally imposed duty of reasonable care owed by the Defendant to the plaintiff;

b) Failure to provide a reasonably safe place to work;

c) Failure to properly train and supervise plaintiff;

d) Failure to take any means or precautions for the safety of defendant's employees, including plaintiff;

e) Creation and maintenance of an unseaworthy vessel;

f) Failure to provide minimum safety requirements;

g) Failure to provide adequate equipment for the job in question;

h) Failure to provide adequate personnel for the job in question;

i) Other acts of negligence and unseaworthiness which will be shown at the trial of this matter.

**VII.**

As a direct result of the negligence of the defendant and the unseaworthiness of the vessel, Plaintiff, **BUD JOHN CHAPMAN** is entitled to recover from the Defendant reasonable and just compensatory, special and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

(1) Past, present and future physical, mental and emotional pain and suffering;

(2) Past, present and future loss of wages, fringe benefits and wage earning capacity;

(3) Past and future physical disability;

(4) Past, present and future medical expenses; and

(5) All other special and general damages as will be shown at the trial of this matter.

**VIII.**

Pursuant to the General Maritime Law of the United States of America, **ENSCO** had and continues to have the absolute and nondelegable duty to provide plaintiff with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

**IX.**

As a result of the aforementioned accident, Plaintiff was rendered unfit for duty and presently remains unfit and incapable of returning to duty as a seaman.

**X.**

Therefore, the plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled. Should defendant, **ENSCO** fail to honor its maintenance and cure obligation, the plaintiff is entitled to attorney's fees, punitive damages and an additional compensatory award for any acts of negligence on the part of the defendants which would result in a deterioration of the plaintiff's medical condition.

**XI.**

Plaintiff prays for a trial by jury on all issues raised herein.

**WHEREFORE,** Plaintiff prays that Defendant **ENSCO OFFSHORE COMPANY** be duly cited to appear and answer this Complaint and after the legal delays and due proceedings had, there be Judgment herein in favor of the Plaintiff, **BUD JOHN CHAPMAN** and against the Defendant, **ENSCO OFFSHORE COMPANY** for all damages to which the Plaintiff is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

FURTHERMORE, plaintiff prays that defendant, **ENSCO OFFSHORE COMPANY**

be cast in judgment in favor of the plaintiff for past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which plaintiff is entitled by law and penalties and additional damages if applicable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

Respectfully submitted,

TIMOTHY J. YOUNG (22677)
ROBERT J. YOUNG, JR (13763)
ROBIN RICHMOND KLIBERT (28940)
JASON MACFETTERS (29617)
The Young Firm
400 Poydras Street, Suite 2090
New Orleans, Louisiana 70130
Telephone (504) 680-4100
Facsimile (504) 680-4101